**Cohen Tauber Spievack & Wagner P.C. v Ringel**

2024 NY Slip Op 30897(U)

March 19, 2024

Supreme Court, New York County

Docket Number: Index No. 153525/2022

Judge: Arlene P. Bluth

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

**PRESENT:**    <u>**HON. ARLENE P. BLUTH**</u>    PART      14

*Justice*

-------------------------------------------------------------------------X

COHEN TAUBER SPIEVACK & WAGNER P.C.,

        Petitioner,

        - v -

BENJAMIN RINGEL, BR LAKEWOOD, LLC

        Respondent.

-------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 153525/2022 |
| **MOTION DATE** | 08/08/2022[1] |
| **MOTION SEQ. NO.** | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 1- 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38

were read on this motion to/for         <u>TURNOVER PROCEEDING</u> .

The petition for a turnover is granted and the cross-motion is denied as described below.

**Background**

Petitioner brings this proceeding for a turnover of respondent Ringel's membership interest in respondent BR Lakewood, LLC ("BR"). Petitioner obtained a judgment against Ringel for $246,306.68 on March 1, 2016. Petitioner contends that no part of this judgment has been paid.

It explains that in connection with a separate proceeding between Ringel and his sister in New Jersey, petitioner discovered that Ringel admitted he was the sole owner of BR. Petitioner also observes that it started a separate action to set aside two transfers of 40% in BR and that Ringel's current ownership interest in BR is 60%.

---

[1] Although this proceeding was only transferred to the undersigned in the last few days, the Court recognizes that it has been pending for an absurdly long time before different judges, even though petitioner politely requested that its application be considered. On behalf of the court system, the Court apologizes for the lengthy delay in the resolution of this proceeding.

**153525/2022 COHEN TAUBER SPIEVACK & WAGNER P.C. vs. RINGEL, BENJAMIN ET AL**      **Page 1 of 5**
**Motion No. 001**

1 of 5

Respondents cross-move to dismiss on the ground that BR is Ringel's sole source of income and is therefore protected. They also observe that they have moved to vacate the judgment referenced in this petition and so, in the alternative, this proceeding should be stayed.

Ringel submits an affidavit in which he explains that he is the sole member of BR and that BR owns 50% of another entity called BCR Lakewood ("BCR"). He claims that he earns about $500,000 a year in compensation from BR for managing properties owned by BCR and that this is his only source of income.

In reply and in opposition to the cross-motion, petitioner contends that the Court should order a turnover of Ringel's 60% interest in BR. Petitioner claims that the pending motion to vacate the judgment is not a basis upon which this Court should deny the instant petition.

With respect to the statutory exemption claimed by respondent Ringel, petitioner claims that asserted exemption only applies to earnings of the judgment debtor for his personal services. It points to filings from New Jersey actions which petitioner claims shows that an outside management company (called Affiliated Management) actually runs the properties and that Ringel has been enjoined from running these properties.

Petitioner observes that this makes any income derived from BR "passive income" and therefore not subject to the exemption upon which he relies. It argues that any earnings Ringel receives is based on BR's ownership of BCR Lakewood and are distributions, not income for personal services.

**Discussion**

This motion was marked submitted on August 8, 2022 before a different judge. In the many intervening months, much has changed. Ringel's motion to vacate the underlying judgment was denied (NYSCEF Doc. No. 153 in Index No. 152531/2014). It does not appear

**153525/2022   COHEN TAUBER SPIEVACK & WAGNER P.C. vs. RINGEL, BENJAMIN ET AL**          **Page 2 of 5**
  **Motion No.  001**

2 of 5

[* 2]

that this decision was appealed (no notice of appeal appears on the NYSCEF docket). That moots respondents' request for a stay of this proceeding as the judgment against him remains in effect.

Therefore, the only remaining issue is the extent of the charging order to be awarded to petitioner as there is indisputably a judgment in its favor against Ringel that has not yet been satisfied. Moreover, there is no question that Ringel has an interest in BR.

CPLR 5205 exempts certain property from the enforcement efforts of a judgment creditor. Here, the exemption in dispute is the exemption for income. "Income exemptions. The following personal property is exempt from application to the satisfaction of a money judgment, except such part as a court determines to be unnecessary for the reasonable requirements of the judgment debtor and his dependents. . . 2. ninety per cent of the earnings of the judgment debtor for his personal services rendered within sixty days before, and at any time after, an income execution is delivered to the sheriff or a motion is made to secure the application of the judgment debtor's earnings to the satisfaction of the judgment" (CPLR 5205[d][2]).

"[T]he judgment debtor, bore the burden of proving that the funds at issue were exempt as earnings for personal services under CPLR 5205(d)(2)" (*Swig v Properties Asset Mgt. Services, LLC,* 85 AD3d 427, 428 [1st Dept 2011]).

Here, Ringel, the judgment debtor, failed to meet his burden. He claims that he receives about $500,000 in compensation from BR "for his personal services managing the Properties" (NYSCEF Doc. No. 13). Unfortunately, petitioner showed in reply that this is simply not the case by submitting an order from a New Jersey action filed by Ringel's sister against him in which the Court appointed a management company to manage the properties (NYSCEF Doc. No. 29). Based on this order, the Court is unable to find that the income Ringel receives from

**153525/2022   COHEN TAUBER SPIEVACK & WAGNER P.C. vs. RINGEL, BENJAMIN ET AL        Page 3 of 5**
**Motion No.  001**

3 of 5

BR is for "personal services" as required under the statute. Instead, as petitioner contends, this money appears to be merely passive income rather than income earned for any services provided to BR.

Moreover, Ringel did not expound upon the personal services he provides or include any documentation to substantiate his claims. Instead, he includes a footnote observing that he could disclose tax returns to the Court for in-camera inspection. But that is not sufficient. Ringel needed to include relevant tax returns or some other financial information in order to meet his burden of providing that these funds are exempt under the CPLR. As petitioner pointed out in reply, Ringel did not cite any basis for the proposition that he could submit critical and relevant evidence on an ex parte basis in a turnover proceeding. Ringel could have easily included these records under seal or with pertinent redactions; but the Court finds that a vague reference to tax returns is not a basis to compel the Court to deny the petition or do an in-camera review. In fact, Ringel does not even allege what these tax returns would show. Put another way, a party cannot meet his burden by offering to show documents in secret to the judge.

Petitioner demands that Ringel be ordered to turn over his 60% interest in BR (petitioner contends that 40% is held in a trust for his children). That relief is therefore granted.

Accordingly, it is hereby

ADJUDGED that the petition is granted; and it is further

ORDERED that respondent BR Lakewood LLC is directed, upon receipt of a certified copy of this order and judgment, to turn over to the petitioner all documents necessary to transfer and assign judgment debtor Benjamin Ringel's interest in BR Lakewood LLC to petitioner within 14 days of receipt of a certified copy of this order and judgment; and it is further

**153525/2022   COHEN TAUBER SPIEVACK & WAGNER P.C. vs. RINGEL, BENJAMIN ET AL**          **Page 4 of 5**
  **Motion No.  001**

[* 4]

4 of 5

ORDERED that petitioner is entitled to costs and disbursements as awarded by the Clerk

upon presentation of proper papers therefor.

| 3/19/2024 | | | | |
|---|---|---|---|---|
| **DATE** | | | **ARLENE P. BLUTH, J.S.C.** | |

| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | | GRANTED | DENIED | GRANTED IN PART | X OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**153525/2022   COHEN TAUBER SPIEVACK & WAGNER P.C. vs. RINGEL, BENJAMIN ET AL**      **Page 5 of 5**
**Motion No.  001**

[* 5]